IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN QUINN, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No. |
| v. | ) | |
| | ) | |
| PROGRESSIVE SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Specialty Insurance Company ("Progressive"),
by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28
U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Eastern
District of Pennsylvania has original diversity jurisdiction over this civil action and this matter
may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. §
1446. In further support of this Notice of Removal, Progressive states as follows:

1.      Plaintiff Kathleen Quinn initiated this action by filing a Complaint in the Court of
Common Pleas of Philadelphia County on April 19, 2018. A true and correct copy of the
Complaint is attached hereto as Exhibit "A."

2.      Plaintiff filed an Affidavit of Service on May 1, 2018. A true and correct copy of
the Affidavit of Service is attached hereto as Exhibit "B."

3.      Counsel for Progressive filed an Entry of Appearance on May 7, 2018. A true
and correct copy of the Entry of Appearance is attached hereto as Exhibit "C."

4.      Upon information and belief, the documents attached hereto as Exhibits "A"
through "C" constitute all of the pleadings, process, and orders which were filed in connection
with the state court action.

5.     Plaintiff Kathleen Quinn is an adult individual residing in Aston, Pennsylvania.

6.     Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

7.     Progressive Specialty Insurance Company is not incorporated in Pennsylvania, nor does Progressive Specialty Insurance Company have its principal place of business in Pennsylvania.

8.     Rather, Progressive Specialty Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

9.     Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive was and is a citizen of Ohio.

10.    Plaintiff alleges that she is entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provides $100,000 in underinsured motorist benefits, subject to all of the terms and conditions of the policy.

11.    Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371 and seeks punitive damages, interest on the underinsured motorist claim, and attorney's fees.

12.    Punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

13.    Eastern District courts have held that removal is proper where punitive damages based upon a multiplier of up to four times the alleged compensatory damages are sufficient to

meet the amount in controversy.  See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

14.     As Plaintiff alleges that she is entitled to $100,000 in underinsured motorist benefits, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

15.     Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this matter.  See 28 U.S.C. § 1332.

16.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

17.     Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant, Progressive Specialty Insurance Company, removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By: _____
Daniel J. Twilla (PA I.D. 93797)
E-mail: djtwilla@burnswhite.com
Kathleen P. Dapper (PA I.D. 315993)
E-mail:  kpdapper@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant*

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2018**

E-Filing Number: 1804045711

**002525**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| KATHLEEN QUINN | PROGRESSIVE SPECIALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 120 DRAYTON ROAD<br>ASTON PA 19014 | 6300 WILSON MILLS ROAD<br>MAYFIELD VILLAGE OH 44143 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2V - MOTOR VEHICLE ACCIDENT |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>APR **19** 2018<br>**M. BRYANT** | |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>KATHLEEN QUINN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL J. SOSKA | LUNDY LAW<br>1635 MARKET STREET<br>19TH FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)246-9210 | (215)567-2700 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 204866 | msoska@lundylaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MICHAEL SOSKA* | Thursday, April 19, 2018, 10:21 am |

FINAL COPY (Approved by the Prothonotary Clerk)

LUNDY LAW, LLP
BY: MICHAEL J. SOSKA, ESQUIRE
IDENTIFICATION NO. 204866
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-246-9210
msoska@lundylaw.com

ATTORNEY FOR PLAINTIFF
Filed and Attested by the
Office of Judicial Records
ASSESSMENT OF DAMAGES HEARING:
M. BRYANT

[ X ] IS [ ] IS NOT REQUIRED

[ X ] Jury    [ ] Non-Jury    [ ] Arbitration

Kathleen Quinn
120 Drayton Road
Aston, PA 19014

                                  Plaintiff

v.

Progressive Specialty Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH 44143

                                  Defendant

NOTICE TO DEFEND

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

Trial Division

TERM, 2017

No.

## NOTICE

``You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

``YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### LAWYER REFERRAL SERVICE
1 Reading Center
Philadelphia, PA  19107
215-238-1701

## AVISO

`Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

``LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

### LAWYER REFERRAL SERVICE
1 Reading Center
Philadelphia, PA  19107
215-238-1701

2

Case ID: 180402525

LUNDY LAW, LLP
BY: MICHAEL J. SOSKA, ESQUIRE
IDENTIFICATION NO. 204866
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA. 19103-2297
215-246-9210
msoska@lundylaw.com

ATTORNEY FOR PLAINTIFF

**ASSESSMENT OF DAMAGES HEARING:**

[ X ] IS   [ ] IS NOT REQUIRED

[ X ] Jury   [ ] Non-Jury   [ ] Arbitration

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

Kathleen Quinn
120 Drayton Road
Aston, PA 19014

Plaintiff

v.

Progressive Specialty Insurance Company
6300 Wilson Mills Road
Mayfield Village, OH 44143

Defendant

Trial Division

TERM, 2017

No.

## COMPLAINT

1.  Plaintiff, Kathleen Quinn, is an adult individual who resides at the address noted in the caption.

2.  Defendant, Progressive Specialty Insurance Company (hereinafter "Progressive"), is a business entity with an address noted in the caption that regularly conducts business in Philadelphia County.

3.  Defendant, Progressive, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies, including underinsured and uninsured motorist coverage.

3

Case ID: 180402525

4. Upon information and belief, Defendant, Progressive, regularly and systematically transacts business in Philadelphia County so as to be subject to venue and personal jurisdiction in Philadelphia.

5. On or about December 16, 2014 at around 6:00 a.m., Plaintiff, Kathleen Quinn was involved in a motor vehicle accident in the area of 3104 Edgemoore Avenue, Wilimington, County of New Castle, Delaware.

6. The accident occurred when the tortfeasor carelessly and/or negligently struck Plaintiff.

7. As a direct result of the accident, Plaintiff, Kathleen Quinn, sustained personal injuries more fully set forth at length below.

<u>COUNT I</u>
**<u>Plaintiff, Kathleen Quinn v. Defendant, Progressive Specialty Insurance Company</u>**
**(Underinsured Motorist Claim)**

8. Plaintiff, Kathleen Quinn, incorporates by reference the allegations contained in the above paragraphs as though the same were herein set forth fully at length.

9. The negligence and/or carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    a.   Striking Plaintiff;

    b.   Failing to yield the right-of-way;

    c.   Operating his/her vehicle into Plaintiff's lane of travel;

    d.   Failing to maintain proper distance between vehicles;

    e.   Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

4

f.    Failing to have said vehicle under proper and adequate control;

g.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

h.    Violation of the "assured clear distance ahead" rule;

i.    Failure to keep a proper lookout;

j.    Failure to apply brakes earlier to stop the vehicle without striking Plaintiff's vehicle;

k.    Being inattentive to his/her duties as an operator of a motor vehicle;

l.    Disregarding traffic lanes, patterns, and other devices;

m.    Driving at a high rate of speed which was high and dangerous for conditions;

n.    Failing to remain continually alert while operating said vehicle;

o.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q.    Failing to exercise ordinary care to avoid a collision;

r.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.    Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

Case ID: 180402525

t.   Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

10. As a direct and consequential result of the negligent and/or careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, all to Plaintiff's great loss and detriment.

11. Plaintiff's injuries include, but are not limited to, her right shoulder, which necessitated a total replacement.

12. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13. As a direct and proximate result of the aforesaid negligence of the tortfeasor, Plaintiff has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

14. As an additional result of the carelessness and/or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance

Case ID: 180402525

were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

16. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, which included coverage for underinsured motorist coverage applicable to Plaintiff.

17. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, Kathleen Quinn, demands judgment in her favor and against Defendant, Progressive Insurance Company, singularly, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest and all other relief allowed by law.

## COUNT II
### Plaintiff, Kathleen Quinn v. Defendant, Progressive Specialty Insurance Company
#### (Violation of 42 Pa.C.S.A. § 8371)

18.   The Plaintiff hereby incorporates by reference the foregoing Paragraphs 1 through 23 of this Complaint as though same were fully set forth herein.

19.   The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> 1)      Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

> 2)      Award punitive damages against the insurer.

> 3)      Assess court costs and attorneys fees against the insurer.

Case ID: 180402525

20.    The underinsured motorist claims of the Plaintiff is an action under an insurance policy.

21.    The defendant, Progressive, acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in failing to make payment of a fair and reasonable amount of underinsured motorist benefits to the Plaintiff by, *inter alia*:

   a.   engaging in unfair or deceptive acts or practices;

   b.   failing to fully, fairly and promptly evaluate the underinsured motorist claims of the Plaintiff;

   c.   failing to continue to fully, fairly and promptly evaluate the underinsured motorist claims of the Plaintiff, as additional information is developed regarding their injuries;

   d.   failing to offer a fair and reasonable amount of underinsured motorist benefits to the Plaintiff, to fully and fairly compensate them for their loss;

   e.   failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the Plaintiff;

   f.   attempting to "low ball" the Plaintiff, with respect to settlement of their underinsured motorist claims;

   g.   failing to properly and fairly resolve the underinsured motorist claim of the Plaintiff;

   h.   offering an unfair and inadequate amount of underinsured motorist benefits to the Plaintiff, in settlement of their underinsured motorist claims;

   i.   accepting premiums for underinsured motorist coverage while, at the same time, refusing to pay a reasonable and fair amount of underinsured motorist benefits to the Plaintiff, in violation of Pennsylvania law;

   j.   violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

k.  acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the Plaintiff, both before and during this litigation;

l.  wantonly and willfully disregarding the rights of the Plaintiff;

m. recklessly disregarding the right of the Plaintiff, to recover underinsured motorist benefits;

n.  elevating its own interests above those of the Plaintiff;

o.  breaching the duty of good faith and fair dealing;

p.  breaching the fiduciary duties owed to the Plaintiff;

q.  violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

r.  violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

s.  such other acts or omissions as may be developed during discovery.

22.    The defendant is liable for payment of interest, fees, costs and punitive damages to the plaintiffs for the bad faith conduct in handling and adjusting his underinsured motorist claim.

23.    The defendant is liable for payment of all actual damages and consequential damages to the Plaintiff, for the wanton, willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle the underinsured motorist claims of the Plaintiff.

WHEREFORE, Plaintiff, Kathleen Quinn, demands judgment in her favor and against Defendant, Progressive Insurance Company, singularly, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest and all other relief allowed by law.

Case ID: 180402525

## COUNT III
### Plaintiff, Kathleen Quinn v. Defendant, Progressive Specialty Insurance Company
### (Common Law Bad Faith)

24.     The Plaintiff, hereby incorporates the foregoing paragraphs of this Complaint as though same were fully set forth herein.

25.     The defendant, Progressive Insurance Company, owes a common law duty of good faith and fair dealing to the Plaintiff, under the Pennsylvania Auto Policy issued to Plaintiff.

26.     The defendant breached the common law duty of good faith and fair dealing to the Plaintiff, under the Pennsylvania Auto Policy issued to Plaintiff by, *inter alia*:

   a.   engaging in unfair or deceptive acts or practices;

   b.   failing to fully, fairly and promptly evaluate the underinsured motorist claims of the Plaintiff;

   c.   failing to continue to fully, fairly and promptly evaluate the underinsured motorist claims of the Plaintiff, as additional information is developed regarding his injuries;

   d.   failing to offer a fair and reasonable amount of underinsured motorist benefits to the Plaintiff, to fully and fairly compensate them for their loss;

   e.   failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the Plaintiff;

   f.   attempting to "low ball" the Plaintiff, with respect to settlement of their underinsured motorist claims;

   g.   failing to properly and fairly resolve the underinsured motorist claim of the Plaintiff;

   h.   offering an unfair and inadequate amount of underinsured motorist benefits to the Plaintiff, in settlement of his underinsured motorist claims;

Case ID: 180402525

i.   accepting premiums for underinsured motorist coverage while, at the same time, refusing to pay a reasonable and fair amount of underinsured motorist benefits to the Plaintiff in violation of Pennsylvania law;

j.   violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

k.   acting in a dilatory and obdurate manner in the handling of the underinsured motorist claims of the Plaintiff, both before and during this litigation;

l.   wantonly and willfully disregarding the rights of the Plaintiff;

m.   recklessly disregarding the right of the Plaintiff, to recover underinsured motorist benefits;

n.   elevating its own interests above those of the Plaintiff;

o.   breaching the duty of good faith and fair dealing;

p.   breaching the fiduciary duties owed to the Plaintiff;

q.   violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

r.   violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

s.   such other acts or omissions as may be developed during discovery.

27.    The Plaintiff is entitled to all actual and consequential damages from the defendant by reason of the breach of the common law duty of good faith and fair dealing under the Pennsylvania Auto Policy issued to Plaintiff.

28.    The Plaintiff is entitled to damages against the defendant by reason of the breach of the common law duty of good faith and fair dealing under the Pennsylvania Auto Policy issued to Plaintiff.

Case ID: 180402525

WHEREFORE, Plaintiff, Kathleen Quinn, demands judgment in her favor and against Defendant, Progressive  Insurance Company, singularly, jointly, and/or severally in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, pre and post judgment interest and all other relief allowed by law.


LUNDY LAW, LLP


Date:   April 19, 2018                              BY: _____
                                                    Michael J. Soska, Esquire

                                                    Attorney for Plaintiff


12

Case ID: 180402525

# V E R I F I C A T I O N

I, Michael J. Soska, Esquire, hereby state that I am the attorney in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 PA. C.S.A. §4904 relating to unsworn falsification to authorities.


_____
Michael J. Soska, Esquire


Date:   April 19, 2018

Case ID: 180402525

# EXHIBIT "B"

LUNDY LAW, LLP
BY:  MICHAEL J. SOSKA, ESQUIRE
IDENTIFICATION NO.:  204866
19th FLOOR
1635 MARKET STREET
PHILADELPHIA, PA  19103-2297
(215) 567-3000
msoska@lundylaw.com

ATTNY FOR PLAINTIFF

*Filed and Attested by the Office of Judicial Records 01 MAY 2018 03:01 pm S. LIGHTNER*

_____

| | |
|---|---|
| **Kathleen Quinn** | **:** **Court of Common Pleas** |
| **vs.** | **:** **April Term, 2018** |
| **Progressive Specialty Ins. Co.** | **:** **No.  2525** |

### AFFIDAVIT OF SERVICE

I, Stacie Nocella, being duly sworn according to law, hereby state that I served a true and correct copy of the Complaint – Civil Action issued in the captioned case upon the defendant, Progressive Specialty Ins. Co., 6300 Wilson Mills Rd., Mayfield Village, OH  44143, regular mail, restricted delivery and certified mail return receipt number, **7014 1820 0000 5640 9098**, on April 23, 2018. See **Exhibit "A"** attached hereto.

I verify that the statements herein are made subject to the penalties to PA C.S.A.§4904 relation to falsification to authorities.

Stacie Nocella, Litigation Paralegal

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Progressive Specialty Ins Co.*
*6300 Wilson Mills Rd.*
*Mayfield Village, OH*
*44143*

2. Article Number (Transfer from service label)
7014 1820 0000 5640 9098

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X PROGRESSIVE COUR   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                  1-23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

*Quinn*

Case ID: 180402525

# EXHIBIT "C"

**FORRY ULLMAN**
By: David R. Friedman, Esquire
Attorney I.D. No.: 76494                    Attorney for Defendant
Walnut Hill Plaza, Suite 450                Progressive Preferred
150 S. Warner Road                          Insurance Company
King of Prussia, PA 19406
(610) 977-2975

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA

| | |
|---|---|
| KATHLEEN QUINN | : |
|        Plaintiff | : |
|     v. | :   No.: 180402525 |
| | : |
| Progressive Preferred Insurance Company | : |
| incorrectly identified as Progressive Specialty | : |
| Insurance Company | :   CIVIL ACTION |
|        Defendant | : |

### ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Defendant, Progressive Preferred Insurance Company, incorrectly identified as Progressive Specialty Insurance Company, in the above-captioned matter, and designate the above address as the place where papers may be served.

FORRY ULLMAN

*David R. Friedman*

BY: _____
DAVID R. FRIEDMAN, ESQUIRE
Attorney for Defendant

Date: **May 7, 2018**

Case ID: 180402525

**FORRY ULLMAN**
By: David R. Friedman, Esquire
Attorney I.D. No.: 76494                          Attorney for Defendant
Walnut Hill Plaza, Suite 450                      Progressive Preferred
150 S. Warner Road                                Insurance Company
King of Prussia, PA 19406
(610) 977-2975

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA

| | | |
|---|---|---|
| KATHLEEN QUINN | : | |
| Plaintiff | : | |
| v. | : | No.: 180402525 |
| | : | |
| Progressive Preferred Insurance Company | : | |
| incorrectly identified as Progressive Specialty | : | |
| Insurance Company | : | CIVIL ACTION |
| Defendant | : | |

### JURY TRIAL DEMAND

Defendant, Progressive Preferred Insurance Company, demands a trial of the above-captioned matter by a jury of twelve (12).

FORRY ULLMAN

*David R. Friedman*

BY: _____
DAVID R. FRIEDMAN, ESQUIRE
Attorney for Defendant

Date: **May 7, 2018**

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA

KATHLEEN QUINN                                           :
                   Plaintiff       :
     v.                                                  :     No.: 180402525
                                           :
Progressive Preferred Insurance Company                  :
incorrectly identified as Progressive Specialty          :
Insurance Company                                        :     CIVIL ACTION
                       Defendant       :

## CERTIFICATE OF SERVICE

        I, David R. Friedman, Esquire, certify that I filed a true and correct copy of my Entry of

Appearance on behalf of Defendant Progressive Preferred Insurance Company along with the

Jury Trial Demand electronically with the Philadelphia Courts.  All involved parties may access

same through the Court's system.

                                 FORRY ULLMAN

                                 *David R. Friedman*

         BY:   _____
                                 DAVID R. FRIEDMAN, ESQUIRE
                                 Attorney for Defendant

Date:  **May 7, 2018**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on May  17,  2018  the  within  **NOTICE  OF**

**REMOVAL** was served via Federal Express, postage prepaid, upon the following:

Michael J. Soska, Esq.
Lundy Law, LLP
1635 Market Street, 19th Floor
Philadelphia, PA 19103


Daniel J. Twilla